# LAW OFFICE OF DONALD F. BURKE
### 45 GALE ROAD
### BRICK, NEW JERSEY 08723
### (732) 966-4922
### Email: DonaldBurkeEsq@gmail.com

**DONALD F. BURKE, ESQ.**
*Certified by the New Jersey Supreme Court as a Civil Trial Attorney*
*Member of the Bars of New Jersey & New York*

**DONALD F. BURKE JR., ESQ.**
*Member of the Bars of New Jersey & New York*

June 2, 2016

VIA ECF
Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

RE: <u>C.G.B., Plaintiff, v. AIDA SANTA LUCIA, VAROUJAN KHOROZIAN, KYLE KHOROZIAN, DEREK KHOROZIAN and JOHN DOES 1-5 (being agents, servants and employees of the above as a continuing investigation may reveal who are fictitiously named because their true identities are unknown), Defendants.</u>
United States District Court
District of New Jersey
Civil Action No.: 2:15-cv-03401 (SDW-LDW)

Dear Judge Wettre:

    Kindly accept this opposition to Victoria Airgood, Esq.'s request to dismiss plaintiff's claim against defendant Derek Khorozian with prejudice.

    Relying on Federal Rule of Civil Procedure 25(a)(1), counsel asserts that plaintiff was required to file a motion for substitution within ninety (90) days of notification of Derek Khorozian's death. However, the November 3, 2016 letter from Derek Khorozian's prior counsel, Paul J. Giblin, Jr., Esq., failed to comply with Federal Rule of Civil Procedure 25(a)(1) and thus did not, in fact, trigger the ninety (90) day period for filing a motion for substitution.

>Mr. Giblin's three (3) sentence letter, upon which counsel relies, simply states:
>
>In reference to the above-captioned matter, enclosed please find the death certificate for one of the defendants, Derek Khorozian.
>
>Please confirm that you will dismiss the complaint against this defendant as a result of same.
>
>Thank you for your anticipated cooperation and courtesies in this matter.

(*See* Exhibit A to May 23, 2016 letter of Victoria Airgood, Esq.). Mr. Giblin's letter fails to reference Federal Rule of Civil Procedure 25(a) or to advise of the identity or identities of Derek Khorozian's heirs and/or beneficiaries or the executor or executors of his estate. Further, defendants have not provided plaintiff with any documents, such as a will, that would enable plaintiff to ascertain the identity of the appropriate party to be substituted for Derek Khorozian. Thus, given the dearth of information provided by Mr. Giblin and the complete lack of information provided by Ms. Airgood, it is unclear how plaintiff could have made a proper motion for substitution under Federal Rule of Civil Procedure 25(a) as, to this date, plaintiff has not been advised of the proper party or parties that should be substituted for Derek Khorozian.

It is well-settled that Federal Rule of Civil Procedure 25 requires the naming of the executors of the decedent's estate. *See, e.g.*, *Barlow v. Ground*, 39 F.3d 231, 234 (9th Cir. 1994); *Grandbouche v. Lovell*, 913 F.2d 835 (10th Cir. 1990); *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961 (4th Cir. 1985); *McSurely v. McClellan*, 753 F.2d 88, 98 (D.C. Cir.), cert. denied, 474 U.S. 1005 (1985); *Rende v. Kay*, 415 F.2d 983, 986 (D.C. Cir. 1969); *Kaldawy v. Gold Service Movers, Inc.*, 129 F.R.D. 475 (S.D.N.Y. 1990); *Gronowicz v. Leonard*, 109 F.R.D. 624, 627 (S.D.N.Y. 1986), *Al-Jundi v. Rockefeller*, 88 F.R.D. 244, 248 (W.D.N.Y. 1980) ("*Al-Jundi I*"); and *Al-Jundi v. Rockefeller*, 757 F. Supp. 206, 210 (W.D.N.Y. 1990) ("*Al-Jundi II*").

As the United States District Court for the Southern District of New York has held, "to constitute a valid suggestion of death under Rule 25 and invoke the 90 day time limit, the suggestion of death must identify the representative or successor who may be substituted as a party. . . ." *Gronowicz*, 109 F.R.D. at 627 (citing *McSurely*, 753 F.2d at 98; *Al-Jundi I*, 88 F.R.D. at 246). In *Gronowicz*, the deceased party's attorney sent a letter—similar to the letter sent by Mr. Giblin—advising "our client Antoni Gronowicz, plaintiff in the captioned actions, died on Wednesday, October 16." *Id.* at 627. The Court held

that neither this letter nor another letter sent previously complied with Federal Rule of Civil Procedure 25 because "[n]either of these letters identifies the representative or successor who may be substituted for Mr. Gronowicz . . . . Thus, no valid suggestion of death has been made and the 90 day period did not commence based on the letters."

In *Al-Jundi I*, prisoners injured during the Attica prison riots sued the governor of New York, Nelson Rockefeller, in his personal capacity for violating their rights while acting under the color of state law. The plaintiffs were permitted to substitute the estate of Rockefeller after he died during the course of the action. *Al-Jundi I*, 88 F.R.D. at 248. In denying the defendants' motion to dismiss based on the plaintiff's failure to substitute within ninety days, the Court found that the statement of death was ineffective because it did not list the executors or successors to the defendant:

> [T]he statement of death did not list the names of the executors of Rockefeller's estate, although this information should have been readily available to Stewart [Rockefeller's attorney]. The Court holds that listing the successors or representatives of the estate when such information was readily available to the person making the statement was necessary to make the statement effective under rule 25, for otherwise an opposing party could be put to an unfair burden of locating and serving the representatives before the ninety-day period expired.

*Al-Jundi I*, 88 F.R.D. at 246-47. The Court also found that in the absence of knowledge of the executors, with a disputed factual issue as to whether Rockefeller's attorney had agreed to accept service for the estate, and in the absence of any prejudice to the estate, failure to substitute was excusable neglect which allowed for an extension of time under Federal Rule of Civil Procedure 6(b). *Id.* at 247.

The requirements for a statement suggesting death of a defendant were clarified further in *Al-Jundi II*. There, the Court allowed the substitution of the estate of another defendant after that defendants' death. The Court held that a statement of death filed by the defendant's attorney which stated that the defendant had no successor was a nullity:

> The statement of the fact of death must be made by a party or by the decedent's appointed representative. [The decedent's] attorney was neither . . . . The statement must identify the person who has been named as the representative of the decedent's estate. The instant statement did not do so and, in fact, made it seem that there would not and could not be any such representative. As the required suggestion of death the statement by [the

3

decedent's] attorney was a nullity. It could not and did not start the 90-day clock to running. Consequently, the plaintiff's motion to substitute, delayed as it was, was timely. To the extent that it might be viewed as untimely, it is readily seen that the delay flowed from excusable neglect and without any undue prejudice to [the decedent's] heirs or distributees.

*Al-Jundi II*, 757 F. Supp. at 210.

Here, defendants' request for dismissal of plaintiff's claim as to Derek Khorozian with prejudice—a drastic sanction—is made without a formal motion and without any citation to the applicable case law. For the reasons set forth above, defendants' request should be denied.

We respectfully request that the Court direct the defendants to identify the person who has been named as the representative of the decedent Derek Khorozian's estate so that plaintiff can file an appropriate application to substitute the estate.

Thank you.

Respectfully submitted,

s/ Donald F. Burke

Donald F. Burke, Esquire

cc:   Victoria Airgood, Esq., HILL WALLACK, LLP, VIA ECF
      Linton Turner, Esq., MAYFIELD, TURNER, O'MARA & DONNELLY P.C., VIA ECF