

21 Roszel Road
P.O. Box 5226
Princeton, NJ 08543-5226
609.924.0808 *main* | 609.452.1888 *fax*

www.hillwallack.com

writer's direct dial: 609 734 6373
vairgood@hillwallack.com

March 3, 2017

Honorable Leda Dunn Wettre, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

> **Re:** **C.G.B. v. Santa Lucia, et al.**
> **Civil Action No.: 2:15-cv-03401-SDW-LDW**

Dear Judge Wettre,

This office represents defendants, Varoujan Khorozian, Kyle Khorozian and the late Derek Khorozian, in the above-referenced matter. The within letter responds to the Court's Text Order, upon plaintiff's counsel's *ex parte* application to the Court's staff, temporarily sealing the Khorozian defendants' motion to seal materials or, alternatively, to vacate the discovery confidentiality order. (ECF95; ECF94).

This letter is submitted with the understanding that the Court's Text Order states that the Court will schedule a telephone conference with counsel shortly to discuss the issue and also in light of plaintiff's counsel's application by filed letter today seeking leave to file a motion to permanently seal the Khorozian defendants' motion. The intent of this letter is to provide the Court with the Khorozian defendants' immediate response to the Court's concerns, which it was not possible to present yesterday because this office was completely unaware of the plaintiff's counsel's *ex parte* application. This letter is submitted with full reservation of rights to oppose in a more complete submission the plaintiff's proposed motion to permanently seal the Khorozian defendants' motion.

With respect to the concerns stated in the Court's Text Order, the Khorozian defendants respond as follows:

The contents of the Khorozians' motion papers do not violate the Discovery Confidentiality Order ("DCO"). (ECF31). None of the affidavits, information in the affidavits or exhibits to the affidavits within the Khorozians' motion papers were sourced from discovery provided by Plaintiff. Specifically, the DCO states in pertinent part as follows:

> 3. All Confidential material shall be used by the receiving party solely for purposes o'
> the prosecution or defense of this action, shall not be used by the receiving party for any
> business, commercial, competitive, personal or other purpose, and shall not be disclosed by the

## HILL WALLACK LLP
ATTORNEYS AT LAW

Honorable Leda Dunn Wettre, U.S.M.J.
March 3, 2017
Page 3

> receiving party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. ….

> 13. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

These DCO paragraphs clearly limit the application of any "confidential" or "attorneys' eyes only" designation to discovery provided by the adverse party and not made available to the receiving party from another source on a non-confidential basis.  No such discovery was used in the Khorozians' motion papers.

Plaintiff's counsel has refused to identify what information and/or documents within the Khorozian defendants' motion papers he believes violate the DCO.  In e-mails to me yesterday after the motion was filed, plaintiff's counsel contended that the motion papers violated the DCO and must be withdrawn.  He did not in any way mention his *ex parte* application to the Court.  In my response to his e-mails, I cited the above-quoted DCO paragraphs and asked plaintiff's counsel – in two successive responding e-mails – to identify what parts of the motion papers violated the DCO.  I asked this so that I could respond to his concerns.  Plaintiff's counsel did not answer my requests, other than to attach letters that designated discovery as confidential or "attorneys' eyes only."  My designations of confidentiality, however, cited the DCO and were expressly subject to the Order.  More generally, the DCO provisions apply as the DCO is a controlling Order entered by the Court.

Moreover, as addressed by the Khorozians' motion for the alternatively requested relief of vacating the DCO, the Khorozians do not agree to keeping the discovery in this matter under the DCO for the reasons stated at length in the Khorozians' affidavits and my letter brief to Your Honor.  Of course, that alternative motion is pending and, therefore, it must emphasize again that none of the information or documents included in the Khorozians' motion papers were taken from Plaintiff's discovery.  If my understanding is incorrect on that point, I ask that plaintiff's counsel specifically identify any such information and/or documents.

Concerning the Court's additional concern about the Plaintiff's full name appearing in the motion papers, my office endeavored to redact Plaintiff's full name – leaving only her first name where it appeared necessary – from all affidavits and documents that were filed.  It appears that there are some places where her full name appears unredacted.  The error will be corrected with amended filings of these affidavits or exhibits.  This error was inadvertent.  Many places where Plaintiff's name would have appeared have been redacted.  And, in particular, my clients' affidavits and that of the United States witness, Steve Houston, do not use Plaintiff's name at all.  Her name was intentionally not used in my clients' affidavits.  Instead these affidavits use the word, "Plaintiff."  Likewise, the references to

# HILL WALLACK LLP
ATTORNEYS AT LAW

Honorable Leda Dunn Wettre, U.S.M.J.
March 3, 2017
Page 3

Plaintiff's full name in the Khorozians' motion papers will be redacted, with the Court's leave which is respectfully requested.

Regarding the Court's concern that Plaintiff is under threat, however, the Khorozian defendants have asked me to convey to Your Honor that they are not aware of any threat or danger to Plaintiff, other than the danger that she may be in the United States in violation of immigration law, which is not within their control and was, they believe, Plaintiff's choice.  The Khorozian defendants believe fully and unequivocally that Plaintiff is fabricating this idea of threat or danger, just as they believe she fabricated the allegations of her Complaint, as more fully discussed in the Khorozians' moving papers.

Thank you for Your Honor's consideration of this matter.


Respectfully submitted,

HILL WALLACK LLP


By:  _s/Victoria Airgood____
          Victoria J. Airgood


cc:     Donald F. Burke, Esq. (via/ECF)
        Donald F. Burke, Esq. (via/ECF)
        Linton W. Turner, Jr., Esq. (via/ECF)
        Christine D. McGuire, Esq. (via/ECF)

{05134788; 1}