**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| C.G.B.,<br><br>        Plaintiff,<br>v.<br><br>AIDA SANTA LUCIA, *et al.*,<br><br>        Defendants. | Civil Action No.<br><br>15-cv-3401-SDW-LDW<br><br>**MEMORANDUM OPINION AND ORDER ON MOTION TO SEAL** |

**WETTRE,** Magistrate Judge.

Before this Court is defendant Santa Lucia's renewed motion to seal pursuant to L. Civ. R. 5.3(c). ECF No. 216. Plaintiff opposes the motion in part. ECF No. 218. For the reasons set forth below, the motion is **DENIED.**

### I. BACKGROUND

The Court assumes the parties' familiarity with the underlying facts of this case, which are outlined in the Court's July 26, 2018 Order on the parties' previous motions to seal. *See* ECF No. 214. In that Order, the Court, *inter alia*, denied defendants' motion to seal particular documents, as defendants had not sufficiently established specific harm that would occur if the documents were not permanently sealed, thus failing to satisfy their burden on sealing set forth in L. Civ. R. 5.3(c)(3). The Court, however, granted defendants an opportunity to file a renewed motion to seal, and to establish the requisite basis for sealing the documents at issue. Defendant Santa Lucia filed the instant renewed motion to seal on August 24, 2018 and the Khorozian defendants filed a letter in support of the motion. ECF Nos. 216, 221. Plaintiff opposed the motion in part. ECF No. 218.

Proposed intervenor Jeffrey Siskind also filed a letter with the Court regarding this matter. ECF No. 217.

## II. LEGAL STANDARD

The Third Circuit holds that "there is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993). Local Civil Rule 5.3 provides that the Court may otherwise restrict public access to materials filed with the Court upon a motion to seal that, *inter alia*, sufficiently

> describe[es] with particularly: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interests which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

L. Civ. R. 5.3(c)(3).

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant moves to permanently seal certain documents, citing the reputational harm to defendant Santa Lucia and the designation of certain deposition transcripts Attorneys' Eyes Only. Importantly, however, the designation of Attorney's Eyes Only does not, in itself, require the Court to seal the material. *See Scheuerman v. Nestle Healthcare Nutrition, Inc.*, Civ. No. 10-3684 (FSH) (PS), 2012 WL 12915479, at *1 n.1 (D.N.J. Dec. 21, 2012). Defendant still must meet her burden to show the above factors warrant the sealing of the material. As the documents defendant seeks to seal, and/or the information contained therein are already publicly available, the Court finds defendant has failed to meet this burden, and the motion to seal, accordingly, is denied. *See Kirschling v. Atlantic City Bd. Of Educ.*, Civ. A. No. 11-4479, 2014 WL 5320162, at *3 (D.N.J. Oct. 17, 2014) (denying motion to seal, reasoning that motion was too broad and some of the

2

documents were already publicly available, and noting that designation of a document as "Confidential" "does not *per se* support sealing").

### A. Publicly Filed Documents

Defendant seeks to seal portions of the brief at ECF No. 173, the Certification of Donald F. Burke, Jr. at ECF No. 173-1, and Exhibits A through N, attached thereto. A number of these documents are already publicly available and therefore cannot be sealed. Exhibits A through F, I, and J, for instance, are documents filed in Florida litigation, which have been available publicly since they were filed in 2016 and 2017. Similarly, defendant seeks to seal the entirety of section VII of the brief at ECF No. 173, which describes public aspects of the Florida litigation. Moreover, defendant seeks to seal Exhibit G, which is a printed copy of a LexisNexis search of the name "Angela Khorozian" that is available to those members of the public with a LexisNexis account. Defendant cannot establish a clearly defined and serious injury that would result if the documents were not sealed given that these documents are already publicly available. Therefore, sealing these materials would be improper, and the motion to seal them is denied. *See Janssen Products, L.P. v. Lupin Ltd.*, Civ. A. No. 10-5954 (WHW), 2014 WL 956086, at *3 (D.N.J. Mar. 12, 2014) (reversing magistrate judge's order sealing portions of public court opinion discussing information sealed previously because the opinion was already published and "[i]t is well established that once confidential information has been published, it is no longer confidential").

Defendant further seeks to seal portions of ECF No. 173 at pages 3 and 4, and Exhibits M and N attached thereto, which include conversations between the parties' counsel regarding the alleged breach of the settlement agreement. It is clear from the public docket that this case was settled and that a dispute arose about an alleged breach of that settlement agreement. The materials

at issue do not reveal anything that is not already public, and therefore the motion to seal these materials is denied for failure to meet the criteria set forth in Local Civil Rule 5.3.

B. Documents Marked Attorneys' Eyes Only

Defendant seeks to seal Exhibit H at ECF No. 173, which is a letter from defendant's counsel, Victoria Airgood, to plaintiff's counsel, Donald F. Burke and Donald F. Burke Jr., identifying categories of discovery material that Ms. Airgood requested be designated Attorneys' Eyes Only. This letter itself does not contain any confidential information, but rather merely summarizes the *types* of material the parties may deem to be confidential throughout the course of the litigation. Accordingly, defendant's motion to seal Exhibit H of ECF No. 173 is denied.

Defendant also seeks to seal certain portions of ECF Nos. 112 and 173 that include excerpts of transcripts from defendants' depositions marked Attorneys' Eyes Only.[1] As explained in the Court's previous Order, the designation of Attorneys' Eyes Only does not by itself require that this Court permanently seal those documents. *See Scheuerman v. Nestle Healthcare Nutrition, Inc.*, Civ. No. 10-3684 (FSH) (PS), 2012 WL 12915479, at *1 n.1 (D.N.J. Dec. 21, 2012). The Court allowed defendants an opportunity to file a renewed motion to seal setting forth with more particularity the legitimate private or public interests that warrant the sealing of these documents and the harm which would result if these documents were to become public. Defendant has failed to do so.

Defendant claims that the deposition transcripts contain "confidential information regarding defendants' business contacts, operations, and other information." *See* ECF No. 216-2.

---

[1] Specifically, defendant requests sealing of ECF No. 112-1 at paragraphs 11, 14, 16, and 17 and Exhibits B-E and ECF No. 173 at pages 8 and 11 and Exhibits K and L.

4

Initially, the Court notes that much of the content of the transcripts involves defendants Varoujan Khorozian and Aida Santa Lucia denying their involvement with the company Consolidated Engineering and having relevant knowledge of its business dealings. Defendant has not shown a legitimate interest to warrant the sealing of this information, as she has not demonstrated that any of this information qualifies for sealing under the factors set forth in Local Civil Rule 5.3. confidential.

Further, to the extent that defendant claims the transcripts do contain sensitive business information, the same information they seek to seal in this regard is already publicly available through other filings that have long been on the Court's public docket. *See, e.g.*, ECF Nos. 18, 33, 61, 209. Much of the information defendant appears concerned about revealing pertains to a purported contract between the entities Consolidated Engineering and Transafrica Nutech for a project in Cameroon named Nkombassi City, and defendants' involvement in the contract as representatives of Consolidated Engineering. These allegations, however, are clear from multiple sources on the public docket, including ECF No. 18, which states:

> The relationship of the parties arises from a contract that Transafrica Nutech S. A. (Transafrica) secured with the Cameroon Government for the development of a complete self-supporting town known as Nkombassi City. Transafrica was to develop that city in collaboration with the Cameroon Government and several American companies including Consolidated Engineering, the general contractor for the city. Defendant, Aida Santa Lucia and Varoujan Khorozian are representatives of Consolidated Engineering. Defendant, Aida Santa Lucia traveled to Cameroon to work with Transafrica at which time she met plaintiff who at that time was employed by Transafrica. Aida Santa Lucia has submitted her own affidavit as well as the affidavits of Apolonia Kono (Transafrica President), O'Bama Essama (Transafrica Engineer), Sister Dominique and the sworn statement of attorney John Mbufor Fonju.

Therefore, this information is already publicly available and there is no demonstrable harm that would result from the transcripts becoming public as well.

As another example, defendant Santa Lucia seeks to seal a portion of a transcript from her own deposition explaining that she was removed from the Nkombassi City project because of the filing of the Complaint in this case. This information is publicly available in a brief written by Santa Lucia's own counsel at ECF No. 61-3, page 14, and filed on the public docket: "Due solely to the allegations asserted in plaintiff's complaint, Defendant Aida Santa Lucia is no longer involved in [the Nkombassi City] project." Further, the implied relationship between the Khorozians and Marcus Mullings is apparent from the public filing at ECF No. 33, in which plaintiff's counsel appears to seek discovery regarding Mr. Mullings and his company, Leverage Plus, LLC.

Here, defendant does not attempt to explain which aspects of the transcripts contain sensitive business material or the way in which defendant's business interests would be harmed if the information was released. The Court is therefore left to guess what information defendant is concerned about and cannot discern any information that is not already public. Accordingly, the Court finds defendant failed to meet her burden to establish a legitimate interest in permanently sealing the material or clearly defined harm that would result if the motion was denied.

C. Plaintiff's Name

The Court has previously issued Orders sealing plaintiff's full name and allowing her to be identified in public filings only by her initials. ECF Nos. 95, 174, 202, 214. Plaintiff's full name appears in a certification by plaintiff at ECF No. 112, Exhibit A, and a transcript of defendant Santa Lucia's deposition at ECF No. 112-1, Exhibit C, page 117, lines 7 and 13. These materials were filed under temporary seal.

Legitimate public and private interests warrant the sealing of these lines because they

contain confidential information. Public disclosure of this information would result in a serious invasion of plaintiff's privacy. No less restrictive alternative is available. Plaintiff's counsel is to file a public, redacted version of ECF No. 112 and the exhibits thereto, redacting only references to plaintiff's name.

Accordingly,

**IT IS** on this 18th day of December, 2018,

**ORDERED**, that defendant's motion to seal (ECF No. 216) is hereby **DENIED**;[2] and it is further

**ORDERED** that ECF No. 112-1 shall be sealed only at the following locations: Exhibit A, the signature line; and Exhibit C, page 117, line 7 from "If" to "said" and line 13 from "If" to "said"; and it is further

**ORDERED** that ECF No. 173 shall be sealed only to the extent stated in this Court's July 26, 2018 Order at ECF No. 214; and it is further

**ORDERED** that the Clerk of the Court shall maintain ECF Nos. 112 and 173 permanently under seal; and it is further

**ORDERED** that in light of Local Civil Rule 72.1(c)(a)(A), which provides defendant may file an appeal within fourteen days of this Order, plaintiff's counsel shall file redacted versions of ECF Nos. 112 and 173 no later than twenty-one days of the docketing of this Order, or seven days after the outcome of an appeal; and it is further

---

[2] The Court acknowledges the letter of Jeffrey M. Siskind, *pro se*, received by the Court on August 23, 2018 (ECF No. 217), but declines to address it substantively, as it is not relevant to the instant motion.

**ORDERED** that the Clerk of the Court shall terminate the motion at ECF No. 216.

_/s/ Leda Dunn Wettre_
Hon. Leda Dunn Wettre
United States Magistrate Judge